## Kelley et al. v. Crowe et al.

January 23, 1951.

A. J. Bratcher, Judge.

Otto C. Martin and Leo J. Stemle for appellants.

C. M. Crowe for appellees.

JUDGE HELM—Reversing.

The Chancellor rendered a judgment declining to approve an agreement for the sale of infants' land at a private sale, and ordered a public sale. From this judgment appellants, Inez Oneda Tichenor Kelley, Guardian, and the 20th Century Coal Company, appeal.

A. T. Tichenor died the owner of 60 acres of land near Prentiss in Ohio County. His wife was dead. He had two sons, Noel Tichenor and Elvis Tichenor. After his father's death Noel brought an action in equity, No. 10255, setting out that his brother had left Ohio County 30 years ago, had not been heard from, and asking that he be declared the owner of the 60-acre tract. Later he discovered that his brother Elvis had died a resident of Spencer County, Indiana, leaving his wife, Inez Oneda Tichenor, and three infant children surviving him. The wife had remarried. Noel filed an amended petition naming the wife, Inez Oneda Tichenor Kelley, and Elvis' three infant children as defendants. C. M. Crowe, an attorney of Hartford, was named guardian ad litem, not warning order attorney as provided by Civil Code of Practice, section 59.

After hearing proof a judgment was entered ordering a public sale of the tract to the highest and best bidder. Upon the motion of all interested parties, this judgment was set aside. It appears that in the meantime Noel and his wife had conveyed his interest in the 60-acre tract to appellant 20th Century Coal Company. Later appellant Inez Oneda Tichenor Kelley, having been appointed guardian for the three infants by the County Court of Spencer County, Indiana, executed a deed to appellant 20th Century Coal Company by which she conveyed her interest and the interest of the three children to the Coal Company. She thereupon, as guardian of the three children, filed an action in equity, No. 10378, naming the three children as defendants, setting out that Noel Tichenor had conveyed his interest in the 60-acre tract to the 20th Century Coal Company, and that she had agreed to convey her dower interest and the interest of her three children to the 20th Century Coal Company for $2500. Again C. M. Crowe was appointed, this time as warning order attorney for the non-resident infants.

Evidence was taken showing that 12 to 20 acres of the tract contained coal that could be successfully strip mined. Three witnesses testified the tract was worth

from $2500 to $3000; the tract was unimproved; the soil was worn out, and was valuable only for the coal. The Liden Company, which had bid $3600 for the tract at the sale under the first judgment, was permitted to file an intervening petition in which it offered to pay $8500 for the tract, and deposited $1000 as earnest money.

Mr. Crowe filed reports and answers stating that the interests of the infants in the tract was worth much more than the amount offered by the 20th Century Coal Company. The Coal Company intervened, setting up its interest because of the above-mentioned deeds, and offered to pay $2833.33 for the interest of the infants. Later it filed an additional plea in which it offered to pay for the infants' interest any amount fixed by the Chancellor. Mr. Crowe then asked that the interest of the infants in the tract be sold by the Master Commissioner at a public sale. The two cases were consolidated.

The Chancellor adjudged that the price agreed upon for the private sale of the infants' interest in the property was not a fair and reasonable price; was not in excess of 50 per cent of the property's value, and declined to approve the private sale. He then adjudged that the property be sold by the Master Commissioner at a public sale. Appellant Inez Oneda Tichenor Kelley, as guardian, and the Coal Company prosecute this appeal.

The two questions presented here are: (1) Did the Chancellor properly refuse to approve the agreement between the guardian and the Coal Company, and (2) did he err in directing a public sale of the property?

The agreement is for $2500 for the guardian's personal dower interest and the interest of the children. The amounts to be paid for their respective interest is not set out in the agreement. It is said that the amount being paid for the children's interest is approximately $1800. These amounts should have been fixed. The Coal Company admits that the amount agreed upon for the infants' interest is not sufficient by first offering to increase the amount to $2833.33, and then finally offering to pay any amount fixed by the Chancellor. The Chancellor is not authorized in such cases to fix the amount.

Objection was made to the offer put into the record by the Linden Company. However this may be, it is ap-

464

parent from the record that the offer of the Coal Company was not a fair and reasonable price for the infants' interest. It follows that the Chancellor properly refused to approve that agreement.

The Coal Company, as the owner of a one-half interest of Noel Tichenor, and the wife and children of Elvis Tichenor, deceased, hold the 60-acre tract as tenants in common. The parties, under proper pleadings, could have asked for a public sale, but here the pleadings request that the Chancellor approve an agreement for a private sale in accordance with the provisions of the Civil Code of Practice 489(8). It follows that however desirable a public sale might be under the facts and circumstances of this case, the Chancellor was without power, under the pleadings here, to direct a public sale.

The judgment is reversed for proceedings not inconsistent with this opinion.